IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LORETTA BENNETT                                                          PLAINTIFF

v.                                                   Cause No. 4:10-CV-133-CWR-FKB

THE GEO GROUP, INC.                                                      DEFENDANT

## ORDER

Pending before the Court are several motions by The GEO Group, Inc. ("GEO"), including a motion for summary judgment [Docket No. 19], a motion to strike previously undisclosed witnesses and documents [Docket No. 26], a motion to compel amendment of certificates of service [Docket No. 28], and a motion to strike the affidavit attached as Exhibit "A" to plaintiff's response in opposition to summary judgment [Docket No. 31]. By this Order, the Court will grant in part GEO's motion to strike previously undisclosed witnesses and documents [Docket No. 26] and deny as moot its motion to compel amendment of certificates of service [Docket No. 28].

*I.      Background*

The central issue in this case has become the adequacy of Loretta Bennett's evidence. GEO maintains that Bennett never served the required Rule 26 initial disclosures because it never received from Bennett any documents supporting her claims or a list of individuals having discoverable information. *See* Defendant's Motion to Strike Undisclosed Materials [Docket No. 26] at ¶¶ 2-4. The docket sheet does not reflect that Bennett filed a Notice of Service of Pre-Discovery Disclosures. GEO also contends that Bennett failed to respond to any of the discovery it propounded to her. *Id.* at ¶ 4. In this instance also, the docket sheet is bereft of proof that Bennett served any such responses. Additionally, she did not file any notices of discovery requests. The discovery period closed on June 1, 2011.

GEO timely filed a motion for summary judgment on June 15. Docket No. 19. After two months passed without a response, the Court *sua sponte* ordered Bennett to file a response by August 29. *See* Text-Only Order of August 19, 2011. On that date, counsel for Bennett encountered technical difficulties, but filed conventionally her response opposing summary judgment and an explanation for the difficulties, which were then entered by the Clerk on August 31. Docket Nos. 22-25. Attached to Bennett's response were approximately 60 pages of exhibits. Docket No. 24,

at 3-63.

On September 7, GEO moved to strike the exhibits, arguing that they were not produced during the discovery period and therefore were not permissible evidence under the Rules of Civil Procedure and controlling caselaw.  Docket No. 26, at 3.  It also moved to compel Bennett to amend her certificates of service of August 29/31 – which had variously stated that the pleadings were sent to opposing counsel by fax or by the Court's Electronic Case Filing system – claiming that the documents had not been received on August 29.  Docket No. 28, at 1-2.  GEO then moved to strike the affidavit attached as Exhibit "A" to Bennett's response, contending that it was "riddled with conclusory allegations, hearsay (including hearsay within hearsay), unauthenticated documentation and evidence which would not be admissible at trial."  Docket No. 31, at 3.  Bennett has not responded to these three motions.

On September 9, the Court held a pretrial conference with counsel for both parties, where it discussed the status of the evidence and all of the pending motions.  Counsel for Bennett was unaware that her initial disclosures and her discovery responses had not been provided to GEO.  She asserted that both had been prepared and thought that both had been sent to GEO, and could not explain why they had not been received.  Counsel for Bennett conceded, though, that the docket sheet did not show any notices that would have verified service of the disclosures and discovery responses.

The Court ordered both parties "to file their responses and/or replies to the pending motions."  Minute Entry of September 9, 2011.  If that language was ambiguous, the Court clarified it on September 13, when it ordered Bennett to "file her responses to the motions at [Docket Nos. 26 and 31] under the time line provided by the local rules."  Amended Order of September 13, 2011.  The local rules provide that responses to motions must be filed within 14 days.  L.U.Civ.R. 7(b)(4).  Even assuming that the clock started anew on September 13 – which is not the Rule – Bennett's last possible day to respond (or request more time) was September 27.  It is now October.  Bennett has not responded to the motions to strike and compel [Docket Nos. 26, 28, and 31] nor has she sought additional time from the Court to comply with its Order dated September 13, 2011.

II.    *Discussion*

Federal Rule of Civil Procedure 37 "empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal

with prejudice." *Price v. Trustmark Nat'l Bank*, No. 2:10-cv-275, 2011 WL 3157289, *3 (S.D. Miss. July 26, 2011) (quoting *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977)).  A party that fails to provide initial disclosures may be prohibited from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The court may also order payment of attorney's fees, strike pleadings, dismiss the action, or render a default judgment against the disobedient party. *Id.* at 37(c)(1)(A)-(C).  A party that fails to answer interrogatories may be subject to the same sanctions. *Id.* at 37(d)(1)(A)(ii) and (d)(3).  Rule 37 does not require the court to find bad faith; negligent failures are sanctionable. *PIC Group, Inc. v. LandCoast Insulation, Inc.*, No. 1:09-cv-662, 2011 WL 2669144, *10 (S.D. Miss. July 7, 2011) (citations omitted).

"The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase in response to interrogatories, is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes." *Pound v. Hull & Co.*, No. 2:92-cv-100, 1994 WL 1890926, *2 (N.D. Miss. Oct. 27, 1994) (quoting *Pearce v. E.F. Hutton Group, Inc.*, 117 F.R.D. 480, 481 (D.D.C. 1987)).  Where the purpose of discovery is "completely frustrated" by the plaintiff's "unjustified lack of diligence," the plaintiff's witnesses and supporting documents may properly be excluded. *Id.* at *3.

The time for Bennett to provide her initial disclosures and respond to GEO's discovery requests passed long ago.  She has not argued that her failures to respond were substantially justified or otherwise harmless.  She has not attempted to demonstrate good cause for not providing this substantive information.  She also has not complied with the Court's most recent order nor articulated any cause as to why she could not comply with that directive.  Unfortunately, her "lack of contact with the court and lack of response to the defendant[] demonstrates a lack of interest in this case." *Shettlesworth v. Desoto Cnty. Sheriff's Dept.*, No. 2:08-cv-83, 2010 WL 956170 (N.D. Miss. Mar. 11, 2010).

The Court concludes that Bennett may not rely upon Exhibits "B" through "W" attached to her opposition to summary judgment. *See Pound*, 1994 WL 1890926, at *2 (citing *Carter v. MOOG Automotive, Inc.*, 126 F.R.D. 557, 559 (E.D. Mo. 1989) (excluding twenty witnesses "not previously identified during the discovery stage," as well as 32 exhibits)).  GEO's motion to strike [Docket No. 26] is granted as to those exhibits.  The motion is denied as to Exhibit "A," which the Court will take

3

up when it considers GEO's motion to strike that exhibit [Docket No. 31] and GEO's motion for summary judgment [Docket No. 19].  GEO's motion to compel amendment of certificates of service [Docket No. 28] is denied as moot.

SO ORDERED this the third day of October, 2011.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE