# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LORETTA BENNETT**                                                      **PLAINTIFF**

**v.**                                                           **Cause No. 4:10-cv-133-CWR-FKB**

**THE GEO GROUP, INC.**                                          **DEFENDANT**

## ORDER

Pending before the Court is Loretta Bennett's motion to find excusable neglect or good cause for filing an untimely notice of appeal. Docket No. 41. The GEO Group, Inc. opposes the motion. Docket No. 42.

*I.*     *Factual & Procedural History*

This Court granted the defendant's motion for summary judgment on November 22, 2011, and entered a final judgment the same day. Docket Nos. 35-36. Neither Bennett nor her then-attorney filed a notice of appeal within the 30 days authorized by Federal Rule of Appellate Procedure 4(a)(1). Instead, Bennett, acting *pro se*, mailed a handwritten notice of appeal to the clerk of court, which was filed on January 10, 2012, 49 days after the entry of judgment. Docket No. 37. Her notice of appeal stated, "My case was dismiss[ed] without my knowledge. I haven't heard anything from my lawyer concerning my case being dismissed. I'm asking to appeal my case." *Id.*

The Fifth Circuit remanded the case here for a determination of whether Bennett could show excusable neglect or good cause for filing an untimely notice of appeal. Docket No. 39. The Court has now considered Bennett's affidavit in support of her motion, Docket No. 41, as well as the defendant's response, Docket No. 42.

*II.*    *Discussion*

The Federal Rules of Appellate Procedure provide that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Here, subsection (i) is satisfied because Bennett's motion was filed within 30 days of the expiration of the deadline. The remaining question concerns subsection (ii)

– whether Bennett can show excusable neglect or good cause for her late filing.

Excusable neglect is evaluated under the following standard:

The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (citation omitted). In *Stotter*, the district court found that the plaintiff "established excusable neglect based on the fact that his counsel accidentally entered the incorrect year into her new computer-based calendar." *Id.* "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392 (1993) (citations omitted).

Bennett's affidavit describes a series of communication problems between her and her attorney that led to her not knowing promptly that her case had been dismissed. Docket No. 41, at 1. She claims that she did not receive word of her case being dismissed until December 6, 2011. *Id.* at 2. At that point, though, she contacted the district court clerk's office and learned where to appeal, but "I didn't know anything concerning a timeline for me to appeal my case." *Id.* Bennett also described that she sent her attorney a money order in early January 2012, in an attempt to retrieve some of the documents she had provided for the prosecution of her suit, which she still has not received. *Id.* at 3. She requests a hearing with the Court and her former attorney. *Id.* at 5.

The GEO Group argues that none of these facts establish excusable neglect or good cause. Docket No. 42, at 2. It contends that Bennett was represented by counsel throughout the entire time period, was aware that the motion for summary judgment had been filed, and knew of the dismissal as of December 6, at which point she still had two weeks before the 30 day appeal period expired. *Id.* at 3-4.

"The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *especially through carelessness*.'" *Pioneer*, 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)) (brackets omitted). Although construing the Bankruptcy Rules in that case, the Supreme

2

Court held that "by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Id.* (citation omitted). Here, the grant of permission to accept late filings where appropriate is contained in Federal Rule of Appellate Procedure 4(a)(5)(A).

Bennett learned that her case was dismissed on December 6, 2011. She called the clerk of court to find out how to appeal, and in early January sought to retrieve documents from her attorney, documents which presumably would be used to support her appeal. These actions evince Bennett's prompt desire to prosecute her case. The Court also sees that Bennett's notice of appeal was mailed on January 7, 2012, which was the 32nd day after she learned that her case had been dismissed. Docket No. 37, at 3. While she was unquestionably late in filing her notice of appeal, both that delay and the total amount of time that elapsed between this case's dismissal and the notice of appeal are relatively brief. There is no evidence before the Court that Bennett acted in bad faith, nor is there evidence that the GEO Group has been prejudiced. *See also Stotter v. University of Texas at San Antonio*, No. SA 01-CA-434, Order Granting Plaintiff's Motion to Extend Deadline to File Notice of Appeal, at 3 n.2 (W.D. Tex Apr. 7, 2006) (concluding that the defendants had "no reasonable expectation of finality" where the plaintiff's motion seeking a finding of excusable neglect or good cause was filed within the 60-day window provided by Fed. R. App. P. 4(a)(5)(A)(i)). Taken together, these facts are sufficient to find excusable neglect.

III. *Conclusion*

The motion to find excusable neglect or good cause is granted. No hearing will be held on the motion. The cause will be returned to the United States Court of Appeals for the Fifth Circuit

SO ORDERED, this the 19th day of April, 2012.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE